# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| Thomas Johnson, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | |
| Encore Capital Group, Inc., ) | **JURY TRIAL DEMANDED** |
| Midland Funding, LLC, and ) | |
| Midland Credit Management, Inc. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

1. This is an action brought by the Plaintiff, Thomas Johnson, for actual and statutory damages, attorney's fees and costs for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in their illegal efforts to collect consumer debts.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

1

## PARTIES

5. The Plaintiff, Thomas Johnson ("Plaintiff Johnson"), is a natural person who resides in the City of Boaz, County of Marshall, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Encore Capital Group, Inc. ("Encore") is a Delaware corporation with its principal place of business at 8875 Aero Dr., Suite 200, San Diego, CA 92123. Encore may be served with process through its registered agent for service of process, Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808. In all respects and at all times relevant herein, Encore Capital Group, Inc. (Encore) was doing business in the State of Alabama. Defendant Encore is engaged in the business of collecting consumer debts from consumers residing in Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

7. Defendant, Midland Credit Management, Inc. ("MCM") is a Kansas corporation with its principal place of business at 8875 Aero Dr., Suite 200, San Diego, CA 92123. MCM may be served with process through its registered agent for service of process, Corporation Service Company, 200 S.W. 30th St., Topeka, Kansas 66611. In all respects and at all times relevant herein, Midland Credit Management, Inc. (MCM) was doing business in the State of Alabama. Defendant MCM is engaged in the business of collecting

consumer debts from consumers residing in Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

8. Defendant, Midland Funding, LLC ("Midland Funding") is a Delaware corporation with its principal place of business at 8875 Aero Dr., Suite 200, San Diego, CA 92123. Midland Funding, LLC may be served with process through its registered agent for service of process, CSC Lawyers Incorporating Service, Inc., 150 S. Perry Street, Montgomery, Alabama 36104. In all respects and at all times relevant herein, Midland Funding, LLC (Midland Funding) was doing business in the State of Alabama. Defendant Midland Funding is engaged in the business of collecting consumer debts from consumers residing in Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

9. Defendants Encore, MCM and Midland Funding each participated in and contributed to the damages caused to the Plaintiff.

10. All acts done by Defendant Encore were done on their own behalf and on the behalf of MCM and Midland Funding.

11. All acts done by Defendant MCM were done on their own behalf and on the behalf of Encore and Midland Funding.

12. All acts done by Defendant Midland Funding were done on their own behalf and on the behalf of Encore and MCM.

## FACTUAL ALLEGATIONS

13. Encore has developed a proprietary, system driven collection process based on the "predictive behavior" of consumers and state courts. In conjunction with its subsidiaries and "franchisee" law firms, Encore engages in computer automated, high volume, state court litigation in the collection of distressed debt.

14. Due to the nature of the purchased distressed debt, the high volumes, and automation, the Defendants are unable to meet the requirements of the rules of evidence of providing proof of the records of the debt without misleading the state courts and consumer debtors.

15. Instead of providing actual admissible evidence of the proof required in a breach of contract lawsuit, the Defendants hire employees as "Robo-signers". The Robo-signers sign several hundred affidavits a day falsely claiming that they are a business records custodian with personal knowledge of the facts. They falsely claim in the affidavit knowledge of the assignment(s) of the debt, the amount of the debt, the interest rate, the default date of the debt, the alleged credit card terms and conditions, and the record keeping procedures of every bank in America.

16. It is made to appear to the State Court Judges that the debt records filed with the Court were attached to the affidavit by the affiant, but that is not the case. The affidavits are signed in Minnesota by an MCM employee. Then

the affidavit is shipped to the collection law firm. An employee of the collection law firm then selects and attaches documents to the "business records affidavit" to file with the Court. The Court and the alleged debtor is led to believe that the affiant has authenticated and established the reliability of the records but the affiant does not even know what records will be later attached to the affidavit.

17. Plaintiff Johnson was alleged by the Defendant to be obligated to pay a debt.

18. Plaintiff Johnson's alleged debt was an obligation to pay money arising out of a transaction or transactions primarily for personal, family, or household purposes.

19. On July 20, 2010, Defendant Midland Funding, LLC brought suit against Plaintiff Johnson in the District Court of Marshall County, Alabama under case number SM-2010-900201, stating that the Plaintiff owed them $1,371.26. See Exhibit A. Said amount was a lump sum presented to be all principal. No interest was sought in the complaint. Exhibit A.

20. At the time the Defendants purchased the Plaintiff's alleged account, the Defendants were only provided with a total amount due. There was no breakdown in how much of the total balance was for the principal and how much was for interest. Defendant Midland Funding thereafter filed a lawsuit seeking the entire amount as principal.

21. Defendant Midland Funding filed a Motion for Summary Judgment on October 22, 2010. See Exhibit B. The Defendant's motion was granted by the Court in an order for default judgment dated November 2, 2010. See Exhibit C.

22. As part of its Motion for Summary Judgment, Defendant Midland Funding, LLC submitted an affidavit of Ashley Hoffman, an employee of MCM, termed at the bottom of the affidavit, "AFFRECORD." See Exhibit D. As part of the affidavit, Ms. Hoffman stated under oath that she was a "Legal Specialist" and had "access to pertinent account records for Midland Credit Management, Inc." She further stated that she made this statement "based upon personal knowledge of those account records maintained on plaintiff's behalf." Additionally, she stated that based upon her personal knowledge, "Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to defendant's HSBC BANK NEVADA, N.A. account." She further stated under oath that she had "access to and have reviewed the records pertaining to the account and am authorized to make this affidavit on plaintiff's behalf." She continued stating, "I am familiar with the manner and method by which MCM creates and maintains its business records pertaining to this account." The affidavit was notarized in the State of Minnesota by Darla Genz.

23. In her affidavit, Hoffman made false, misleading, unfair and deceptive statements that her statements were "based upon personal knowledge" and that she had personal knowledge of all relevant financial information concerning Johnson's alleged account.

24. Hoffman did not have personal knowledge of the information in her Affidavit concerning the Johnson alleged account.

25. Hoffman did not have personal knowledge of all relevant financial information concerning Johnson's alleged account.

26. Hoffman in her Affidavit made the false, misleading, unfair and deceptive statement that she had personal knowledge that "the account shows that the defendant(s) owed a balance of $1371.26."

27. Hoffman in her Affidavit made the false, misleading, unfair and deceptive statement that she had personal knowledge that "Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to defendant's HSBC BANK NEVADA, N.A. account."

28. Hoffman did not, at the time she signed the affidavit, have any personal knowledge of whether Midland Funding LLC's was a successor to HSBC BANK NEVADA, N.A. and had no knowledge or whether all the rights, title and interest to the account were assigned and/or sold to Midland Funding.

29. Hoffman did not review any records prior to signing the affidavit.

30. In granting the Defendants' default judgment, the State Court was falsely led to believe that affiant had authenticated and established the reliability of the records and that the affiant had personal knowledge concerning Plaintiff Johnson's alleged debt as well as the terms and conditions of the purchase of this account by the Defendants. Upon information and belief, the affiant had no personal knowledge of Plaintiff Johnson's alleged account, and had never actually reviewed any documentation that would indicate that Plaintiff Johnson was the owner of this, or any, account, nor did the affiant have any personal knowledge as to the terms and conditions of the sale of the alleged debt to the Defendants.

31. On August 11, 2009, United States District Court Judge David Katz of the Northern District of Ohio, in an Order on Summary Judgment, determined that the standard form affidavit used by the Defendants was "patently false." Further, the Court found that Midland Funding, LLC and Midland Credit Management, Inc.'s had violated FDCPA § 1692e in its use of a false, deceptive and misleading affidavit in its attempt to collect a debt. *See Midland Funding, LLC v. Brent*, 644 F. Supp. 2d 961(2009).

32. Plaintiff Johnson was unaware of the fraudulent activities of the Defendants until she received notice of the class action lawsuit and the potential

settlement. Plaintiff Johnson has elected to opt out of the class action against Midland. See Exhibit E.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff adopts the averments and allegations of paragraphs 13 through 33 hereinbefore as if fully stated herein.

34. Defendants, Encore Capital Group, Inc., Midland Credit Management, Inc. and Midland Funding, LLC, through their own acts, by and through their agents and employees, and their policies and procedures, have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff and her alleged consumer debt.

35. The Defendants falsely represented the character, amount, and/or legal status of the alleged debt, violating 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A) and other provisions of the FDCPA.

36. The Defendants made misleading and deceptive statements in the collection of a debt in violation of 15 U.S.C. § 1692e.

37. The Defendants served on the Plaintiff and filed an affidavit containing false and misleading statements as proof of the existence, amount and status of an alleged debt in violation of 15 U.S.C. §§ 1692e and 1692f.

38. The Defendants used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f including but not limited to 15 U.S.C. § 1692f(1).

39. The Defendants misrepresented the amount due.

40. The Defendants misrepresented the amount due for principal and failed to disclose that any amounts claimed also included interest and other charges.

41. The attempt to collect or collection of such an amount is neither expressly authorized by an agreement creating the debt nor permitted by law, therefore in violation of 15 U.S.C. §1692f, 1692f(1) and other provisions of the FDCPA.

42. The Defendants' violations of the FDCPA have caused actual damages to the Plaintiff.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendants, Encore Capital Group, Inc., Midland Credit Management, Inc. and Midland Funding, LLC, for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages for Defendants' violations of the FDCPA;

C. Statutory damages of $1,000 from each Defendant, Encore Capital Group, Inc., Midland Credit Management, Inc. and Midland Funding, LLC, pursuant to 15 U.S.C. §1692k;

D.	Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

E.	Punitive damages in an amount to be determined by a jury;

F.	For such other and further relief as the Court may deem just and proper.

/s/Ronald C. Sykstus
Ronald C. Sykstus
Attorney for Plaintiff

**OF COUNSEL:**
BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
Telephone:  (256) 539-9899
Direct Voice: (256) 713-0221
Facsimile: (256) 539-9895
Email: rsykstus@bondnbotes.com

/s/Penny Hays Cauley
Penny Hays Cauley
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, South Carolina 29501
Telephone: (843) 665-1717
Facsimile: (843) 665-1718
Email: phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/Ronald C. Sykstus
Ronald C. Sykstus

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**

Encore Capital Group, Inc.
Registered Agent: Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, Delaware 19808

Midland Credit Management, Inc.
Registered Agent: Corporation Service Company
200 S.W. 30th Street
Topeka, Kansas 66611

Midland Funding, LLC
Registered Agent: CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104